UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARIANNE CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | Case No. 1:20 CV 139 ACL |
| LOUIS DEJOY, Postmaster General, ) | |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on Defendant's Motion to Dismiss. (Doc. 6.) Also pending is Defendant's Motion to Strike Plaintiff's Request for Punitive Damages. (Doc. 8.) This matter is fully briefed and ripe for disposition.

**I.      Background**

On June 22, 2020, Plaintiff Marianne Campbell filed a Petition (hereinafter referred to as "Complaint") against Defendant Louis DeJoy, Postmaster General of the United States Postal Service ("USPS"), asserting claims of gender discrimination, age discrimination, disability discrimination, hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964. (Doc. 1.) The Complaint alleges that Campbell was employed as a Mail Carrier and Mail Carrier Technician with the USPS during all relevant times. Campbell states that, on July 24, 2019, she filed a timely charge of discrimination with the USPS Equal Employment Opportunities ("EEO") Department alleging gender discrimination, disability discrimination, age discrimination, hostile work environment, and retaliation (Charge Number 4E-640-0090-19). On March 25, 2020, the USPS EEO issued a Final Agency Decision ("FAD").

Defendant filed the instant Motion to Dismiss on September 8, 2020, in which he argues that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for failure to exhaust administrative remedies. Campbell opposes the Motion to Dismiss.

## II.     Legal Standards

### A.  Motion to Dismiss

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). The court must generally rely on the face of the complaint itself, but may also "consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and quotations omitted).

### B.  Exhaustion

The undersigned notes that the Complaint states that Campbell brings this action pursuant to Title VII, but also makes allegations of age and disability discrimination. Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d

757, 758 (8th Cir. 2018).  Age discrimination claims are brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 ("ADEA").  Meanwhile, the Rehabilitation Act is a comprehensive federal program, similar to the ADA, meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding.  *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013).  Title VII, the Rehabilitation Act, and the ADEA all require a plaintiff to first exhaust his or her administrative remedies.  *See Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018) (stating that a plaintiff must first exhaust administrative remedies before filing an action under Title VII in federal court); *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) (Rehabilitation Act); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).

Before bringing a discrimination claim in federal court, a federal employee must first "initiate contact" with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory" or of the effective date of the alleged discriminatory personnel action.  29 C.F.R. § 1614.105(a).  If the matter cannot be resolved informally with the help of an EEO counselor, the employee may file a formal EEO complaint with the agency.  *See* 29 C.F.R. § 1614.106.  As a federal agency, the USPS has a duty to investigate the complaint, provide a hearing, and fulfill other administrative requirements.  29 C.F.R. §§ 1614.106–110.  Once the agency has taken final action, the employee may appeal the decision to the EEOC, 29 C.F.R. § 1614.110, or alternatively, file a civil action in federal district court, within 90 days of receiving the final agency action.  42 U.S.C. § 2000e–16(c).

## III.    DISCUSSION

Defendant argues that the Complaint should be dismissed on two separate but related bases.  First, Defendant contends that the Complaint fails to state a claim due to its lack of specificity, including omission of pertinent dates.  Next, Defendant argues that Campbell failed to exhaust some of her allegations in the Complaint, although it is unclear which claims have been exhausted due to the Complaint's lack of specificity.

Defendant has attached the following documents as Exhibits to its Motion:  (1) The FAD dated March 25, 2020; (2) Plaintiff's Form 2564-A (Information for Pre-Complaint Counseling) dated August 9, 2019; (3) EEO Investigation Report dated September 11, 2019; and (4) Plaintiff's Investigative Affidavit attached to EEO Investigation Report, dated October 21, 2019.  Administrative documents, including those submitted by Defendant, are deemed public records for purposes of deciding a Rule 12(b)(6) motion.  *See Faibisch v. University of Minnesota*, 304 F.3d 797, 802-03 (8th Cir. 2002).

*Plaintiff's Complaint*

In her Complaint, Campbell alleges that, "[b]eginning in or about January of 2017," Campbell began complaining to supervisors that the Overtime Desired list ("ODL") was not being administered in a fair and equitable manner."  (Doc. 1 at p. 3.)  Campbell states that Tom Bolen, a union steward; and James Lewis, a supervisor of Campbell, administered the ODL.  Campbell alleges that she began to request that Bolen and Lewis administer the ODL in a fair and equitable manner beginning in or about January of 2017.  She next states that, on an unspecified date, she reported to her supervisors her belief that she was being treated unfairly because of her age and gender.  Campbell asserts that Bolen adopted a "hostile, bullying demeanor" toward Campbell after she complained and treated her less favorably than male USPS

4

employees. She alleges that Lewis adopted a "hostile demeanor" toward Campbell after she complained and treated her less favorable than similarly situated male USPS employees. Campbell alleges that, after her complaints, she was treated less favorable in the terms and conditions of her employment than her similarly situated male counterparts at USPS in the following respects:

- Bolen and Lewis began to administer the ODL in a manner that even more obviously singled out and penalized Ms. Campbell;
- Ms. Campbell was called into [USPS Supervisor Adam] Lambert's office, humiliated, and falsely accused of being a trouble-maker and harassing co-workers;
- Bolen made a false accusation that Ms. Campbell had threatened him and attempted to have her written up by Lambert;
- Lambert told Ms. Campbell that she needed to make friends with Bolen, her tormentor;
- Ms. Campbell was "counseled" for allegedly soliciting at work;
- Ms. Campbell was assigned to work penalty;
- Ms. Campbell was charged for clocking out one click early, when her similarly situated male colleagues were not;
- Other incidents currently unknown to Ms. Campbell.

(Doc. 1 at p. 4.)

Campbell states that she sought mental health treatment for anxiety from the USPS Employee Assistance Program ("EAP") as a result of the conduct of USPS. After she began using EAP services, Campbell alleges that she was treated less favorably in the terms and conditions of her employment than her similarly situated male counterparts at USPS. For example, Campbell alleges that Bolen began repeatedly calling out "cuckoo, cuckoo, cuckoo" in front of other USPS employees when he saw Campbell, Campbell was assigned to work penalty after she complained about this conduct, she was assigned less desirable mail routes, and she was issued a Letter of Warning for attendance when her similarly situated male colleagues were not. Campbell alleges that the conduct of USPS created a hostile work environment in that she was

5

subject to unwelcome verbal conduct because of her age, gender, and disability.  She states that she was "perceived by her supervisors as having a mental disability, and thus resulted in name calling and ridicule direct[ed] toward Ms. Campbell."  *Id.* at p. 5.

Campbell alleges that, after she filed her complaint with the USPS EEO, she was subjected to retaliation as follows:

- Ms. Campbell's supervisors knew that she had filed a complaint with the USPS EEO;
- Ms. Campbell was subjected to derisive comments and conduct related to her filing of a formal complaint;
- The correspondence received from USPS by Ms. Campbell's counsel had been urinated on;
- The correspondence received from USPS by Ms. Campbell's counsel had been nearly destroyed;
- Ms. Campbell has applied to take sick leave and instead is recorded as taking leave without pay, depriving Ms. Campbell of up to twenty hours per week in lost wages;
- The environment has become even more hostile and uncomfortable for Ms. Campbell as someone has apprised other employees that Ms. Campbell is a problem employee whose complaints are unwarranted."

*Id.* at p. 6.

Campbell alleges that Defendant USPS's unlawful conduct increased and worsened after she complained and USPS failed to investigate her complaints or take action to stop her supervisors' conduct.  She contends that Defendant subjected her to "gender discrimination, age discrimination, disability discrimination, and retaliated against her for complaining and for participating in the EEO administrative process all in violation of 29 U.S.C. 630 *et seq*.; 42 U.S.C. 2000e *et seq*.; 42 U.S.C. 12112 *et seq*.."  *Id.* at 7.  Campbell alleges that her age and gender were factors in Defendant's decisions to engage in the described conduct and that she was subjected to less favorable terms and conditions of employment than younger and male employees.

6

*Analysis*

The Court finds that the Complaint lacks the specificity required to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct." The Rule does not require that a complaint contain "detailed factual allegations," but it does require that it contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Campbell's Complaint sets forth nonspecific and conclusory allegations. For example, she alleges that she "reported to her supervisors her belief that she was being treated unfairly because of her age and gender" on an unspecified date, and that her supervisors responded by adopting a "hostile, bullying demeanor" toward her. Campbell's Complaint fails to provide dates of the incidents described in the Complaint. (Doc. 1 at p. 3.) Campbell asserts discrimination based on gender, age, and disability under different statutes, as well as hostile work environment and retaliation claims. Campbell's claims, however, are not separated into different counts. This format makes it difficult to discern whether Campbell has stated a claim under the different causes of action she brings. Most significant is the lack of dates included in the Complaint. The only references to dates are as follows: Campbell began complaining to supervisors that the ODL was not being administered in a fair and equitable manner "in or about January of 2017;" Campbell filed her charge of discrimination with the EEO on or about July 24,

2019; and the EEO issued its FAD on March 25, 2020.  None of the incidents of alleged discrimination set out in the Complaint include dates.

  The absence of dates is problematic for multiple reasons.  First, the lack of clarity prevents Defendant from adequately responding to the Complaint.  Second, the timing of the alleged acts of discrimination is relevant in determining whether Campbell has properly exhausted her claims.  As noted above, exhaustion regulations require that Campbell initiate contact with an EEO counselor within 45 days of the alleged discriminatory incident.  *See* 29 C.F.R. § 1614.105(a).  The scope of any subsequent federal court action is defined by the claims that were actually filed in the prior EEO complaint or claims that are like or reasonably related to the claims asserted therein.  *Brown v. General Services Admin.,* 425 U.S. 820, 832 (1976); *Anderson v. Block,* 807 F.2d 145, 148 (8th Cir.1986).  Although the Eighth Circuit does not require that subsequently-filed lawsuits mirror the administrative charges, "the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination."  *Duncan v. Delta Consolidated Indust., Inc.,* 371 F.3d 1020, 1025 (8th Cir. 2004) (internal quotations and citations omitted), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011).

  Defendant notes that it is possible Campbell is attempting to restate some or all of her claims from her EEO Complaint.  Defendant attached the FAD as an exhibit, which reveals Campbell alleged the following nine claims that were investigated by the USPS:

  1.  On dates to be specified, for the past three years, she has not received equitable overtime;
  2. On dates to be specified, she was called in the office regarding a co-worker's accusations against her and the conduct between the two of them;
  3. On March 15, 2019, she was accused of soliciting and warned to stop;

8

4. On March 23, 2019 and March 29, 2019, she complained to management about a co-worker's bullying behavior and nothing was done;
5. On March 29, 2019, March 30, 2019, and May 30, 2019, she was assigned penalty overtime;
6. On May 6, 2019, May 25, 2019, and other dates to be specified, a co-worker either called out to her or whistled at her then called out "cuckoo, cuckoo, cuckoo" due to her mental health treatment, and management did not take action;
7. On June 14, 2019, she was not assigned to work the route closest to her home;
8. On July 2, 2019, she was issued a Letter of Warning for Failure to Maintain Regular Attendance, and;
9. On September 5, 2019, she was told not to use a float for larger parcels.

(Doc. 7-1 at p. 1-2.)

Defendant accurately argues that Defendant, as well as the Court, is left to speculate whether Campbell intends to include all or some of the same claims raised administratively. Further, Campbell contacted the EEO regarding her claims on July 24, 2019.  As such, Campbell did not administratively exhaust allegations that preceded June 8, 2019.  Claims 3 through 6 of the FAD all preceded June 8, 2019.  Thus, to the extent Campbell intends to raise those claims here, they were not timely exhausted.  (Doc. 7-1 at p. 1.)

Finally, Campbell's claims of retaliation occurring after the filing of her EEO Complaint (Doc. 1 at p. 6, ¶ 29) have not been administratively exhausted.  These claims must first be brought as an EEO Complaint and will therefore be dismissed.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss for failure to exhaust administrative remedies as to the retaliation claim asserted in Paragraph 29 of the Complaint.  The remainder of Campbell's Complaint may state one or more claims upon which relief can be granted, but the Complaint in its present form is too ambiguous for the Court to make this determination.  Rather than dismiss the Complaint, the Court will allow Campbell to

9

file an Amended Complaint curing the deficiencies set out in this Memorandum and Order. *See Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (citations omitted) ("Ordinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend.  But if the plaintiff has persisted in violating Rule 8 the district court is justified in dismissing the complaint with prejudice.")

In the Amended Complaint, Campbell should set forth her different claims in separate, numbered counts for clarity.  For instance, Campbell's Title VII sex discrimination claim should be a count separate from her ADEA age discrimination claim and her Rehabilitation Act disability claim.  The Amended Complaint must provide dates of the alleged discriminatory action and provide enough information to determine whether the claim has been exhausted.

### V.     Punitive Damages

Defendant has also filed a Motion to Strike Plaintiff's Request for Punitive Damages, in which Defendant argues punitive damages are not available against a government agency in employment discrimination actions.  Plaintiff has not responded to Defendant's Motion.

As a government agency, the USPS and Defendant DeJoy are immune from punitive damages.  *See Dotson v. Donohoe*, 4:11-cv-1820-NAB, 2013 WL 171025, *2 (E.D. Mo. Jan. 16, 2013).  Thus, Defendant's Motion to Strike will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **granted in part**.

**IT IS FURTHER ORDERED** that Plaintiff's retaliation claim asserted on page 6, paragraph 29 is **dismissed for failure to exhaust administrative remedies**.

**IT IS FURTHER ORDERED** that the remainder of claims in the Complaint are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Request for Punitive Damages (Doc. 8) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **January 19, 2021** to file an Amended Complaint curing the deficiencies set forth in this Memorandum and Order.

Dated this 29th day of December, 2020.

                                              s/*Abbie Crites-Leoni*
                                              ABBIE CRITES-LEONI
                                              UNITED STATES MAGISTRATE JUDGE